```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

SEMORI WILSON,                             :

                        Petitioner,        :    REPORT AND
                                                RECOMMENDATION
          -against-                        :    TO THE HONORABLE
                                                JED S. RAKOFF[*]
JAMES G. BERBARY,                          :
                                                06 Civ. 7678 (JSR)(FM)
                        Respondent.        :

-----------------------------------------------------------x
```

**FRANK MAAS**, United States Magistrate Judge.

I.   Introduction

Petitioner Semori Wilson ("Wilson") brings this pro se habeas corpus proceeding, pursuant to 28 U.S.C. § 2254, to challenge his conviction on one count of Criminal Possession of a Controlled Substance in the Second Degree. Following a plea bargain, Wilson was sentenced, as a predicate felony offender, to a term of imprisonment of six years to life. In his petition, Wilson raises various claims. As set forth below, however, the petition is time barred.

---

[*]   This Report and Recommendation was prepared with the assistance of Harlan Zaback, a student at the California Western School of Law, who is serving as an intern in my Chambers.

II.   Background

    A.   Facts

On March 19, 2002, Wilson was pulled over by the police following a traffic infraction. (Ex. N (Pet'r's Br. on Appeal) at 5).[1] The police searched his car and found more than one pound of cocaine in the trunk. (Id.; P. 4). On June 26, 2002, Wilson pleaded guilty to Criminal Possession of a Controlled Substance in the Second Degree. (P. 7). Two days later, Wilson was sentenced, as a predicate felony offender, to an indeterminate term of six years to life. (Id. at 4-5; S. 2-3).

    B.   Subsequent Procedural History

Wilson did not appeal his conviction, but subsequently sought collateral relief on three occasions, the earliest of which was more than two years after his sentencing.

        1.   First Motion

On September 7, 2004, Wilson filed a motion to vacate the judgment of conviction pursuant to Section 440.10 of the New York Criminal Procedure Law ("CPL"). (See Ex. A). In his motion, Wilson claimed that: (a) his trial counsel was ineffective because he failed to submit motions or investigate his case; (b) his trial

---

[1] "Ex." refers to the exhibits annexed to the Declaration of Assistant Attorney General Michelle Maerov, dated April 5, 2007. (Docket No. 6). "P." refers to the minutes of Wilson's guilty plea on June 26, 2002. (Docket No. 8). "S." refers to the minutes of Wilson's sentencing on June 28, 2002. (Id.). "R." refers to the minutes of Wilson's resentencing hearing on June 26, 2006. (Id.).

counsel did not communicate with him and "forced" him to plead guilty; (c) the police planted evidence in his car and falsified their reports; (d) the police used excessive force; and (e) the grand jury indictment was defective because it did not contain the foreperson's signature. (Id.).

On October 28, 2004, Justice Berkman denied Wilson's motion. (See Ex. C). On February 8, 2005, Wilson sought leave to appeal the denial of his motion. (See Ex. D). On May 31, 2005, the Appellate Division, First Department, denied that application. (See Ex. F).

### 2. Second Motion

On January 18, 2005, Wilson moved to set aside his sentence pursuant to CPL § 440.20 on the ground that New York's recently enacted Drug Law Reform Act ("DLRA") required that he be given a more lenient sentence. (See Ex. G (citing 2005 Sess. Law of N.Y., Ch. 643 § 1)). On March 18, 2005, Justice Berkman denied the motion, concluding that Wilson had pleaded guilty and, therefore, was not a person "convicted" of a Class A-1 felony who was entitled to rely on the DLRA. (See Ex. I).

On April 12, 2005, Wilson sought leave to appeal the denial of his motion. (See Ex. J). On August 11, 2005, the Appellate Division denied that application. (Ex. L).

### 3. Third Motion

On November 3, 2005, Wilson filed another motion under CPL § 440.20 seeking to set aside his sentence pursuant to the DLRA. After holding a hearing on June 26, 2006, Justice Berkman denied the motion. (See R. 1-11; Ex. M). On September 28,

2006, the Appellate Division granted Wilson's application for leave to appeal that decision. Wilson filed his brief on December 4, 2006. (<u>See</u> Ex. N). According to the official website of the Appellate Division, First Department, the case was argued on May 29, 2007. (<u>See</u> http://www.nycourts.gov/courts/ad1/calendar/7calendars/June/May29.pdf (last visited July 3, 2007)). As of today, there does not appear to have been any decision. (<u>Id.</u>).

    4.    <u>Habeas Petition</u>

Wilson's habeas petition is dated on September 13 and was filed on September 25, 2006. (Pet. at 1). In his petition, Wilson reasserts the same five claims set forth in his September 2004 motion to vacate his conviction pursuant to CPL § 440.10. (<u>See</u> Pet. ¶ 13).

III.    <u>Discussion</u>

    A.    <u>Limitations Period</u>

Under 28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a defendant generally must file a federal habeas corpus petition within one year after the date that his conviction became

final or the facts giving rise to his claim could have been discovered.[2]  The one-year limitations period is subject, however, to a tolling provision which provides that:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

Pursuant to C.P.L. § 460.10(1)(a), a criminal defendant must file a notice of appeal "within thirty days after imposition of the sentence."  Wilson was sentenced on

---

[2]  The statute provides as follows:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the application was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

June 28, 2002. Although he was advised of his right to appeal, (S. 3), Wilson did not file an appeal of his conviction. Accordingly, the one-year AEDPA limitations period began to run on July 30, 2002, the day after the thirty-day period in which to appeal expired.[3] See Bethea v. Girdich, 293 F.3d 577, 578 (2d Cir. 2002). The statute of limitations therefore would have expired on August 1, 2003. Wilson's habeas petition, which was filed September 13, 2006, more than three years after his conviction became final, is consequently untimely, see Guman v. Payant, No. 06-CV-6315 (BMC), 2006 WL 3535782, at *1 (E.D.N.Y. Dec. 7, 2006), unless Wilson is entitled to statutory or equitable tolling or he discovered new facts entitling him to rely on a new trigger date.

    B.    Tolling

        1.    Statutory Tolling

The AEDPA limitations period is tolled during the time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); Acosta v. Artuz, 221 F.3d 117, 119 (2d Cir. 2000); Montalvo v. Strack, No. 99 Civ. 5087 (GK), 2000 WL 718439, at *2-*3 (S.D.N.Y. June 5, 2000). Here, however, the first such motion for collateral relief was filed on September 7, 2004, more than one full year after the limitations period had expired. Accordingly, Wilson is not entitled to statutory tolling.

---

[3] The last day of the thirty-day period was June 28, 2002, which was a Sunday. Accordingly, Wilson was entitled to an additional day. See N.Y. Gen. Constr. Law § 20 (McKinney 2003).

See Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) ("Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run.").

    2.    Equitable Tolling

The Second Circuit has held that in "rare and exceptional circumstances," the limitations period of 28 U.S.C. § 2244(d)(1) may also be equitably tolled. See Doe v. Menefee, 391 F.3d 147, 159 (2d. Cir. 2004) (quoting Smith, 208 F.3d at 17). The burden rests on the petitioner to establish his entitlement to such tolling. See Martinez v. Kuhlmann, No. 99 Civ. 1094 (MBM)(AJP), 1999 WL 1565177, at *4 (S.D.N.Y. Dec. 3, 1999) (Report & Rec. of Peck, Mag. J.). Moreover for equitable tolling to apply, the petitioner must show that (a) "extraordinary circumstances prevented him from filing his petition on time," and (b) he "acted with reasonable diligence throughout the period he seeks to toll." Smith, 208 F.3d at 17. "An extraordinary circumstance is one that is beyond the prisoner's control and that has made it impossible for him to file a timely petition." Thomas v. Walsh, No. 03 Civ. 4662 (HB)(JCF), 2004 WL 2153928, at *3 (S.D.N.Y. Sept. 24, 2004). Here, however, Wilson has made neither of the required showings. There consequently is no basis for equitable tolling.

  C.    Newly-Discovered Factual Predicate

Finally, AEDPA also permits a petitioner to commence a habeas proceeding within one year of the date that the factual predicate for a claim could first have been

discovered through the exercise of due diligence. Wims v. United States, 225 F.3d 186, 190 (2d Cir. 2000). When applicable, this provision "resets the limitations period's beginning date, moving it from the time when the conviction became final, to the later date on which the particular claim accrued." Id. (citations omitted).

In his petition, Wilson raises five claims, each of which involves facts that were fully known to him at the time that he entered his guilty plea. Indeed, he raised each of those claims in his first motion for collateral relief, which was filed two years before he commenced this proceeding. (See Ex. A). It follows that he is not entitled to extend the statute of limitations trigger on the basis of newly-discovered facts.

IV.     Conclusion

For the foregoing reasons, Wilson's habeas petition should be denied as untimely. Moreover, because Wilson has not made the substantial showing of the denial of a constitutional right required by 28 U.S.C. § 2253(c)(2), a certificate of appealability should not be issued.

V.      Notice of Procedure for Filing of Objections to this Report and Recommendation

The parties are hereby directed that if they have any objections to this Report and Recommendation, they must, within ten (10) days from today, make them in writing, file them with the Clerk of the Court, and send copies to the chambers of the Honorable Jed S. Rakoff, United States District Judge, and to the chambers of the undersigned, at the United States Courthouse, 500 Pearl Street, New York, New York

10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72(b). Any requests for an extension of time for filing objections must be directed to Judge Rakoff. The failure to file timely objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140 (1985); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72(b).

Dated:   New York, New York
         July 6, 2007

/s/ Frank Maas
FRANK MAAS
United States Magistrate Judge

Copies To:

Honorable Jed S. Rakoff
United States District Judge

Semori Wilson
# 02-A-4252
Collins Correctional Facility
P.O. Box 340
Collins, New York 14034

Michelle Maerov, Esq.
Assistant Attorney General
Office of the Attorney General – State of New York
(212) 416-8010 (fax)