USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-13-08

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
SEMORI WILSON,                      :
                                    :
                Petitioner,         :       06 Civ. 7678 (JSR)(FM)
                                    :
        -v-                         :       ORDER
                                    :
JAMES G. BERBARY,                   :
                                    :
                Respondent.         :
------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

On July 6, 2007, the Honorable Frank Maas, United States Magistrate Judge, issued a Report and Recommendation ("Report") in the above-captioned matter recommending that the petitioner's motion under 28 U.S.C. § 2254 for a writ of habeas corpus be denied as time-barred. Petitioner timely filed objections to the Report. Accordingly, the Court has reviewed the motion and the underlying record de novo. Having done so, and having thoroughly considered petitioner's objections, the Court adopts Magistrate Judge Maas's Report, with one clarification.

As Magistrate Judge Maas recognized, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires a defendant to file a federal habeas petition within one year of either the date his conviction becomes final or the date on which the facts giving rise to his claim could have been discovered, whichever is later. 28 U.S.C. § 2244(d)(1). In addition, a petitioner may, by statute, toll any time "during which a properly filed application for state post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). In concluding that Wilson was not entitled to a later

trigger date because of a newly discovered factual predicate for his claims, Magistrate Judge Maas stated that each of the claims in Wilson's petition

> involves facts that were fully known to him at the time that he entered his guilty plea. Indeed, he raised each of those claims in his first motion for collateral relief, which was filed two years before he commenced this proceeding. It follows that he is not entitled to extend the statute of limitations trigger on the basis of newly-discovered facts.

Report at 8. Magistrate Judge Maas may have had an independent factual basis on which to base his conclusion that Wilson knew all necessary facts at the time of his conviction. Wilson is correct, however, that the mere fact that Wilson had knowledge of the factual basis of his claims at the time of his first motion for collateral relief, on September 7, 2004, does not itself require a finding of untimeliness, as much of the time period between September 7, 2004 and September 26, 2005, when Wilson filed the instant petition, would have been tolled as a result of his pending state court challenges.[1]

The Court nonetheless agrees with Magistrate Judge Maas that Wilson's petition is untimely. Wilson's petition raises five claims: (1) that Wilson's trial counsel was ineffective because he failed to submit motions or investigate his case; (2) that his trial counsel did not communicate with him and "forced" him to plead guilty; (3) that the police planted evidence in his car and falsified their reports; (4) that the police used excessive force; and (5) that the

---

[1] In other words, the Report did not expressly consider the possibility that Wilson might be entitled both to a later trigger date and to statutory tolling.

2

grand jury indictment was defective because it did not contain the foreperson's signature. See Report at 2, 4. Of these, the first, second, fourth, and fifth, by their nature, rest on facts that were known to Wilson or "could have been discovered through the exercise of due diligence," 28 U.S.C. § 2244(d)(1), at the time he entered his guilty plea.

Wilson's third claim appears to have two aspects: that the police planted in his car the bag of cocaine ultimately serving as the basis of his criminal charge, and that the police falsified their arrest reports to claim that Wilson possessed a handgun at the time of his arrest when in fact he did not. Wilson contends that he was not aware of the factual basis of this claim until well after his guilty plea, when he obtained, in connection with his civil suit against New York City, see Wilson v. City of New York, No. 03 Civ. 1620 (S.D.N.Y.), his arrest records and a surveillance video of the scene of his arrest. See Petitioner's Objections to the Report and Recommendation at 3-5 ("Pet. Obj.").

Neither the arrest records nor the surveillance video, however, provides a basis for extending the AEDPA trigger date. Given that Wilson was convicted only of drug possession and not of any weapons-related charges, the alleged falsification of the arrest records, even if true, would furnish no basis on which to challenge his conviction. As to the surveillance video, Wilson's present claim that the police planted the cocaine in his car is blatantly contradicted by his admission to Judge Lawrence M. McKenna, in a letter dated December 5, 2002, that the cocaine belonged to Wilson's

3

younger brother. See Letter from Semori Wilson to Hon. Lawrence M. McKenna, Ex. A to Pet. Obj.² In light of this contradiction, Wilson's claim that he "discovered" a factual basis for his claim upon viewing the video is untenable. Accordingly, as Magistrate Judge Maas concluded, Wilson's petition is time-barred.

For the foregoing reasons and with the clarification described above, the Court hereby adopts Magistrate Judge Maas's Report and Recommendation and dismisses the petition. In addition, since the petitioner has not made a substantial showing of the denial of a constitutional right, no certificate of appealability should issue under 28 U.S.C. § 2253(c)(2), and the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from the Court's order would not be taken in good faith. Clerk to enter judgment.

SO ORDERED.

Dated: New York, NY
       February //, 2008

JED S. RAKOFF, U.S.D.J.

---

² Wilson apparently wrote to Judge McKenna seeking assistance with the conviction underlying the present petition because Judge McKenna had previously sentenced Wilson in an unrelated case, United States v. Wilson, No. 97 Cr. 455 (S.D.N.Y.).